Joseph A. Gavagah, J.
This is an application pro se by petitioner, a mentally ill person, presently confined at Matteavan State Hospital, for an order directing the respondent to remove him to his native country, Germany, pursuant to section 662-b of the Code of Criminal Procedure.
No notice of this procedure has been given to the District Attorney of the county in which the proceeding was held under which the petitioner was placed in his present confinement.
The question of whether petitioner claims he is fully sane and deprived of his liberty is not before me; if it were, the proper proceeding would be habeas corpus.
Whether the court would retain jurisdiction need not be determined since all the proper parties under section 662-b are not before the court. However, upon a reading of such section, it would appear that better forum for the petitioner to present his case or have his case presented by those stated therein would be that court in which the proceeding upon which his present confinement was ordered. As stated in said section, the proceeding against the petitioner upon which he was placed in his present confinement must first be dismissed. In event of dismissal a defendant confined to Matt-eawan State Hospital shall l)e retained therein as provided in section 409 of the Correction Law. Thereafter the authorities will proceed in accordance with said section.
In dismissing this proceeding, the court acknowledges that the matter of transfer of a patient is an administrative matter and not one for the court to decide. Yet, if petitioner is entitled to any relief under 662-b of the Code of Criminal Procedure, as amended by chapter 705 of the Laws of 1958, it should be afforded him with as much assistance as possible.
Accordingly, the petition is dismissed without prejudice to any other proceeding which may be appropriate and upon notice to all necessary parties. The Attorney-General is directed to serve a copy of this order upon the petitioner, respondent, and District Attorney of Rockland-County.
*98 (February 23, 1960,)
In view of the additional information submitted by the Attorney-General, viz., that the petitioner, pro se, a mentally ill person, presently confined at Matteawan State Hospital was committed thereto pursuant to section 85 of the Mental Hygiene Law, and which information was not before the court at the outset, the decision of February 10, 1960 is recalled, and the application of the petitioner for an order directing the respondent to remove him to his native country, Germany, pursuant to section 662-b of the Code of Criminal Procedure, is denied.
Section 662-b refers only to a person against whom a criminal charge is pending and who because of his mental condition is unable to answer to the charges.
A person certified to Matteawan State Hospital pursuant to section 85 of the Mental Hygiene Law shall not be deemed to have been committed for the commission of a crime, nor is such certification a punishment for a crime (subd. 5).
Hnder subdivision 4, upon his mental illness becoming no longer dangerous to safety, he may be released as provided in the Correction Law or he may be transferred to any other hospital in the department under the order of the Commissioner.
The question of whether petitioner claims he is fully sane and deprived of his liberty is not before me; if it were, the proper proceeding would be habeas corpus .
However, a matter of release or transfer of a patient under the Mental Hygiene Law is purely administrative and, unless the power is abused, it is not for the court to determine. In any event such question is not before the court on the instant motion.
• Let the Attorney-General serve a copy of this order upon the petitioner.